IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ERICA N. JACKSON and NIKKIEA R. BERRY,** | )<br>)<br>)<br>) |
| Plaintiffs, | ) Case No. 1:14-cv-566 <br>)<br>) |
| v. | )<br>) |
| **BUFFALO WILD WINGS, INC.** | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

---

**COMPLAINT FOR DISCRIMINATION UNDER
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND
ORC ANN. 4112.02**

---

Come the Plaintiffs, Erica N. Jackson ("Ms. Jackson") and Nikkiea R. Berry ("Ms. Berry") (collectively, "Plaintiffs"), and complain as follows against the Defendant Buffalo Wild Wings, Inc. ("Buffalo Wild Wings" or "Defendant"), seeking relief for discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, ORC Ann. 4112.02, and ORC Ann. 4113.52:

## **PARTIES**

1. Plaintiff Erica N. Jackson is an African American adult female residing at 4700 Winton Road, Cincinnati, Ohio 45232, in Hamilton County. She is and was at all times relevant a citizen of the State of Ohio and a resident of Hamilton County.

2. Plaintiff Nikkiea R. Berry is an African American adult female residing at 11443 Islanddale Dr., Cincinnati, Ohio 45240 in Hamilton County. She is and was at all times relevant a citizen of the State of Ohio and a resident of Hamilton County.

3. The Plaintiffs were employed at a Buffalo Wild Wings restaurant ("Restaurant") owned and operated by the Defendant located at 1091 Smiley Avenue, Forest Park, Ohio 45240 in Hamilton County, from May 2006 until Ms. Berry was discharged on April 13, 2013, and Ms. Jackson was discharged on May, 10, 2013. Throughout these timeframes the Plaintiffs both held positions as waitresses and bartenders.

4. Defendant Buffalo Wild Wings, Inc. ("Defendant" and/or "Buffalo Wild Wings") is a foreign corporation registered in Minnesota and headquartered at 5500 Wayzata Boulevard, Suite 1600, Minneapolis, Minnesota 55416 in Hennepin County, that owns and operates restaurants around the world including the Restaurant where Plaintiffs were employed. Defendant's Registered Agent for service of process is CSC-Lawyers Incorporating Service (Corporation Service Company) located at 50 W. Broad St. Suite 1800, Columbus, OH 43215.

5. Doug Estep ("Mr. Estep") was an Assistant Store Manager of the Restaurant, who was promoted to Store Manager before Plaintiffs were discharged. At all relevant times, Mr. Estep was a direct supervisor of the Plaintiffs.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States. Specifically, this action is brought pursuant to Title VII of the Civil Rights Act of 1964 and the ORC Ann. 4112.02, as amended, for employment discrimination. Pursuant to 42 U.S.C. § 2005e-5(f)(1), Plaintiffs filed charges of discrimination with the Equal Employment Opportunity Commission and the Ohio Civil Rights

Commission on June 25, 2013. The EEOC issued the attached Dismissal and Notice of Rights letters (**Exhibits 1 and 2**), commonly referred to as the right to sue letters, which were dispatched to both Plaintiffs on April 14, 2014. Jurisdiction and venue exist by virtue of 42 U.S.C. § 2000e-5(f)(3). Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

7. Further, this Court has subject matter jurisdiction under 28 U.S.C. § 1332 in that the amount in controversy in this action exceeds the sum of $75,000 and is between citizens of different states. Defendant is a citizen of Minnesota and both Plaintiffs are citizens of Ohio.

8. Venue is proper in this jurisdiction under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to the claims occurred in this district. Further, venue is proper under 42 U.S.C. § 2000e-5(f)3) in that the unlawful employment practices complained of herein were committed in this district.

## STATEMENT OF FACTS

9. The discriminatory conduct occurred in connection with Plaintiffs' employment at the Restaurant, where Plaintiffs were employed as waitresses and bartenders.

10. The alleged discriminatory acts underlying Plaintiffs' complaint to the EEOC included a September 2012 joke made by then Assistant Store Manager Mr. Estep in the Restaurant. During a routine nightly staff meeting in the presence of the kitchen and dining room staff, Mr. Estep stated: ***"How do you tell if a black woman is pregnant? Stick a chicken wing up her vagina and if it comes out dry, she's pregnant."*** Mr. Estep repeatedly told this joke to white employees in the presence of Plaintiffs. Plaintiffs, in conjunction with several other concerned and offended coworkers, filed a formal complaint with Defendant's corporate human resources department regarding Mr. Estep's joke and its impact in creating a hostile work environment. Defendant did not offer any response to this complaint. In fact, the relevant

District Manager, Doug Hillinger, when he heard of this joke laughed at it in the presence of the Plaintiffs.

11. Defendant promoted Mr. Estep from Assistant Store Manager to Store Manager. Mr. Estep used his promotion to continue to create a hostile work environment for African American employees. Mr. Estep would regularly mistake the names of his African American employees and attempt to justify his behavior by claiming that they all look alike. African American employees received reprimands for conduct that did not result in repercussions for white employees, and African American employees were given less favorable treatment in terms of their hours worked and when they would be relieved each night. Mr. Estep also allowed a white shift leader to strike an African American female employee with a plate without reprimand.

12. In response to an incident on April 3, 2013, in which Mr. Estep aggressively tore a plate of food from the hands of an African American female employee and threw the plate at an African American cook while using offensive and hostile language, Plaintiffs filed another complaint with Defendant's human resources department regarding the hostile work environment Mr. Estep had created for African Americans. Plaintiffs were joined in lodging the complaint by two African American coworkers, Alia Rancer and Jake.

13. Jake was fired by Mr. Estep on April 10, 2013, one week after the April 3 complaint with Defendant's human resources department had been filed.

14. On April 13, 2013, Ms. Berry was terminated without prior notice of any wrongdoing. She was told her termination was performance related, because on that day she had failed to take out the trash, clean the bar top, and had a hand towel in the sink, all common conduct in the operations of the Restaurant. Jerry, the Assistant Store Manager on duty at the

time, told Ms. Berry he did not know why she was being fired for these issues. Throughout the seven years Ms. Berry spent working at the Restaurant, she was not aware of any employees were ever terminated for this routine course of conduct, or any white employees had ever been reprimanded, let alone terminated, for such conduct.

15. On May 13, 2013, Mr. Estep terminated Ms. Jackson without prior notice of any wrongdoing. Mr. Estep informed Ms. Jackson she was being terminated because she had failed to promote the required number of items during her service of a "mystery shop" customer. A "mystery shop" is when the Defendant hires customers to grade a server without the server's knowledge, in which a customary and accepted passing score is over 80. Ms. Jackson received a score higher than 80 on the "mystery shop" cited by Mr. Estep. Throughout Ms. Jackson's seven years at the Restaurant, she is not aware of any white employee being terminated for receiving a passing score on a "mystery shop" or failing to promote the required number of items during the "mystery shop."

16. Shortly after Mr. Estep terminated the Plaintiffs and Jake, one of Mr. Estep's assistant managers informed a white employee that they were "trying to clean up the front of the house image," which is, on information and belief, a reference to Mr. Estep's systematic plan to have less African American employees interacting with customers.

17. Mr. Estep and the Restaurant's management team also hung a photograph of anthropomorphic food items standing in a police lineup, including a turkey wearing a shirt displaying the expression, "I'm with stupid" (**Exhibit 3**). Each personified food item has a name affixed to it in black marker, including a head of lettuce labelled "Erica," which, on information and belief, represents Ms. Jackson. On information and belief, each name that was affixed by

Restaurant management to the photograph belonged to past or present African American Restaurant employees, and no white employees were represented in the photograph.

18. In response to their treatment during these events and subsequent termination, Plaintiffs filed charges with the Equal Employment Opportunity Commission ("EEOC") on June 25, 2013 regarding their terminations and the surrounding events (**Exhibits 1 and 2**).

19. A copy of the charges filed with the EEOC are attached with this Complaint and are submitted as a brief statement of the facts of Plaintiff's claim.

## COUNT I:  RACE DISCRIMINATION UNDER TITLE VII

20. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

21. Defendant, at all times relevant, has employed 500 or more persons on a regular basis, including Plaintiffs.

22. Defendants engaged in conduct which violated 42 U.S.C. § 2000e-2(a)(1) by: (i) subjecting Plaintiffs to embarrassing and harassing conduct by Mr. Estep; (ii) terminating Plaintiffs' employment for grounds that would not have resulted in termination but for Plaintiffs' race.

23. Upon information and belief, white employees engaged in similar conduct were not subject to the disciplinary treatment as Plaintiffs.

24. Plaintiffs believe that similarly situated white employees who engaged in similar conduct did not suffer any adverse employment action.

25. Defendant can offer no legitimate, nondiscriminatory reason for its agent Mr. Estep's treatment of Plaintiffs.  Any reason given by the Defendant would be pre-textual, as

there is no basis for the sort of conduct engaged in by Mr. Estep that created a hostile work environment for African American employees.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

26. Plaintiffs incorporate the facts and allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

27. Defendant, at all times relevant to this Complaint, has employed 500 or more persons on a regular basis including Plaintiffs.

28. Because of the hostile work environment for African American employees, Plaintiffs twice contacted Defendant's corporate human resources department to report their belief that they were being subjected to racial discrimination by Mr. Estep. Their complaint of racial discrimination to Buffalo Wild Wings' corporate management is protected by 42 U.S.C. § 2000e-3(a).

29. Within ten days of their second attempt to contact corporate human resources, Buffalo Wild Wings terminated the employment of Ms. Berry and their fellow African American complainant Jake, which constitutes adverse employment action against Ms. Berry. One month later, Buffalo Wild Wings terminated the employment of Ms. Jackson, which constitutes adverse action against Ms. Jackson.

30. Buffalo Wild Wings took this adverse employment action against Plaintiffs because of and in retaliation for their complaints of racial discrimination. The retaliatory nature of Defendant's conduct is demonstrated by the close proximity of the Plaintiffs' terminations to their complaint of racial discrimination to corporate human resources.

## COUNT III: RACE DISCRIMINATION UNDER ORC ANN. 4112.02

31. Plaintiffs incorporate by reference and re-allege each and every allegation contained above, as though fully set forth herein.

32. Defendant engaged in conduct which violated ORC Ann. 4112.02 by: (i) subjecting Plaintiffs and other African American employees to a hostile work environment; (ii) terminating Plaintiffs' employment based on their status as African Americans. These actions by Defendant had the effect of inflicting severe emotional distress upon Plaintiffs and the pecuniary losses associated with the loss of employment.

33. Upon information and belief, white employees were not subject to the same treatment as Plaintiffs.

34. Plaintiffs believe that similarly situated white employees engaged in similar conduct did not suffer any adverse employment action.

35. Plaintiffs further believe that her treatment was predicated on their race for the following reasons: the general racist joke made by Mr. Estep and his treatment of African American employees suggest that racism exists within the Restaurant's work environment, and the fact that Plaintiffs and their coworker Jake, all of whom are African American, were terminated.

36. Defendant can offer no legitimate, nondiscriminatory reason for their treatment of Plaintiffs.  Any reason given by the Defendant would be pre-textual, as there is no basis for the conduct of Mr. Estep and the treatment received by Plaintiffs.

### **COUNT IV: RETALIATION IN VIOLATION OF ORC ANN. 4113.52**

37. Plaintiffs incorporate the facts and allegations contained in the previous paragraphs of this Complaint as though set forth fully herein.

38.     Defendant, at all times relevant to this Complaint, has employed 500 or more persons on a regular basis including Plaintiffs.

39.     Because of the hostile work environment for African American employees, Plaintiffs twice contacted Defendant's corporate human resources department to report their belief that they were being subjected to racial discrimination by Mr. Estep. Their complaint of racial discrimination pursuant to Title VII and ORC Ann. 4112.02 to Buffalo Wild Wings' corporate management is protected by ORC Ann. 4113.52.

40.     Within ten days of their second attempt to contact corporate human resources, Buffalo Wild Wings terminated the employment of Ms. Berry and their fellow African American complainant Jake, which constitutes adverse employment action against Ms. Berry. One month later, Buffalo Wild Wings terminated the employment of Ms. Jackson, which constitutes adverse action against Ms. Jackson.

41.     Buffalo Wild Wings took this adverse employment action against Plaintiffs because of and in retaliation for their complaints of racial discrimination. The retaliatory nature of Defendant's conduct is demonstrated by the close proximity of the Plaintiffs' terminations to their complaint of racial discrimination to corporate human resources.

## **PRAYER FOR RELIEF**

WHEREFORE, ERICA N. JACKSON AND NIKKIEA R. BERRY DEMAND that this Court:

1.     Declare that the Defendant violated their rights with regard to racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, ORC Ann. 4112.02, and ORC Ann. 4113.52;

2.     Enter a judgment against Defendant for all damages allowable to Plaintiffs

3.  Enter a judgment against Defendant for all legal or equitable relief as may be appropriate, including without limitation a judgment compelling employment, reinstatement, promotion, or front pay if the Court determines that reinstatement is not feasible;

4.  Enter a judgment against Defendant for Plaintiffs' back pay which (i.) encompasses the wages and benefits Plaintiff would have received in compensation but for Defendant's violations and (ii.) includes prejudgment interest, lost wages, pension, insurance, vacation, profit-sharing, accrued sick leave, and other economic benefits of employment;

5.  Enter a judgment against Defendant for embarrassment and humiliation;

6.  Order injunctive relief as necessary and appropriate;

7.  Award to Plaintiff reasonable attorneys' fees, costs and expenses; and

8.  Grant such other relief as may be just and proper as provided by law.

Dated: July 8, 2014

By: /s/ Rob Richardson
Rob Richardson (OH Bar #080422)
2135 Dana Avenue, Suite 240
Cincinnati, OH 45207
Telephone (513) 372-6362
robr@branstetterlaw.com

J. Gerard Stranch, IV (TN BPR #23045)
(*pro hoc vice* application pending)
Benjamin A. Gastel (TN BPR # 28699)
(*pro hoc vice* application pending)
BRANSTETTER, STRANCH &
 JENNINGS, PLLC
227 Second Avenue North, 4th Floor
Nashville, TN 37201-1631
Telephone: 615/254-8801
Facsimile: 615/255-5419
gerards@branstetterlaw.com
beng@branstetterlaw.com

*Attorneys for Plaintiffs, Erica N. Jackson and Nikkiea R. Berry*